UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

EVELYN RODRIGUEZ,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## **COMPLAINT**

Evelyn Rodriguez (Plaintiff) sues Carnival Corporation (Defendant) and states at all material times:

1. This Court has diversity subject matter jurisdiction over this case because Plaintiff is a Virginia citizen, Defendant is a Florida citizen and more than $75,000 is in controversy.

2. Miami-Dade County is a proper venue for this case because Defendant is headquartered in Miami-Dade County and the parties agreed to litigate this case in Miami-Dade County.

3. This Court is a proper forum for this case because it has personal jurisdiction over the parties, subject matter jurisdiction over the claims in this lawsuit, and is located in Miami-Dade County.

4. Plaintiff satisfied all conditions precedent or they are waived.

5. Defendant knows that liquids regularly wind up on the decks of its ships in places where they present a danger to folks aboard Defendant's ships.

6. Defendant knows the decks on its ships are not reasonably slip-resistant to guard against liquids on the deck.

7. Defendant knows the slippery decks and liquids on them regularly cause folks aboard Defendant's ships to be injured in slip and falls.

8. Defendant knows slip and falls are one of the leading causes of passenger injuries on its ships.

9. Defendant created rules and regulations applicable to slipping hazards and that further shows it knew about the frequency of slipping hazards on its ships and the dangers posed by the decks on its ships.

**Plaintiff's Incident**

10. Defendant owned, operated, possessed, and/or controlled the *Carnival Glory* (the ship).

11. Plaintiff and her fiancé were passengers (ticketed invitees) lawfully aboard the ship for a multi-day cruise in June of 2018.

12. The cruise traveled between at least one domestic port (Miami, FL) and one foreign port (Grand Cayman, Cayman Islands).

13. On or about June 3, 2018 at about 1:00 pm, Plaintiff was walking toward an elevated portion of the pool deck (possibly deck ten) when she slipped and fell in liquid on the deck.

14. The area where she slipped and fell was unreasonably slippery.

15. The Plaintiff didn't notice the liquid on the deck before she slipped and fell.

16. The area where Plaintiff slipped and fell was not blocked off so Plaintiff believed the area was safe to walk through.

17. The area where Plaintiff slipped and fell was an area that the Defendant knew presented a high risk of slip and falls.

18. Defendant's knowledge about the slipping hazard that injured Plaintiff was superior to Plaintiff's knowledge.
19. After the Plaintiff slipped and fell, a male passenger came over to try and help the Plaintiff.
20. While that man was trying to help the Plaintiff, that man's young daughter came over to see what her dad was doing.
21. The Plaintiff estimates the girl was about six years old.
22. The deck was so slippery that the man's daughter also slipped and fell where the Plaintiff did as she was coming to see what her dad was doing.
23. The man's daughter cut her head when she slipped and fell.
24. The ship's crew took the Plaintiff by wheelchair to the infirmary.
25. The Plaintiff thinks the crew also transported the injured girl to the infirmary.
26. The injured girl and the Plaintiff was in the infirmary at the same time.
27. Plaintiff injured, among other things, her left knee when she slipped and fell.
28. Defendant was actively involved in the design and selection of the decking of the ship.
29. Defendant inspected, accepted, and approved the ship (and her decking where Plaintiff was injured) before she was placed into service and after she was placed into service.
30. Defendant regularly inspected and cleaned the deck where Plaintiff slipped and fell.
31. Defendant knew or should have known of the deck was not reasonably slip-resistant.
32. Defendant knew or should have known the area where Plaintiff slipped and fell posed an increased risk for slip and falls and should have maintained the area better than it did.

**Count 1 – Negligence**

33. Plaintiff incorporates paragraphs 1-32.

34. Defendant owed Plaintiff a duty to act reasonably under the circumstances with regard to her safety. Included in that duty were the obligations to inspect, operate, and maintain the ship, and to warn Plaintiff of any hidden dangers like the slipping hazard on the ship.

35. Defendant breached its duty in these non-exclusive ways:

   a. Allowing a slipping hazard to be on the floor where it injured Plaintiff;

   b. Failing to inspect properly the area where Plaintiff slipped and fell;

   c. Failing to maintain properly the area where Plaintiff slipped and fell;

   d. Failing to provide a reasonably safe walking surface for Plaintiff;

   e. Failing to change the deck covering to something that was more slip resistant when wet;

   f. Failing to improve the slip resistance of the deck in light of prior folks slipping and falling on similar decking material on the ship and other Carnival ships;

   g. Failing to warn Plaintiff of the slipping hazard and dangerous area;

   h. Failing to cordon off the area where the Plaintiff slipped and fell;

   i. Failing to train and supervise its crew on proper deck safety;

   j. Failing to respond properly to prior slip and falls and improve the safety of the deck;

   k. Failing to respond properly to prior slip and falls and improve the safety of its deck safety program;

   l. Engaging in a negligent mode of operation that allowed the foregoing to occur (collectively "the dangerous conditions").

36. The dangerous conditions created a foreseeable zone of risk to Plaintiff.

37. Defendant knew about the dangerous conditions or they existed long enough that Defendant should have discovered them in exercising reasonable care under the circumstances, or Defendant created the dangerous conditions.

38. The dangerous conditions occurred with such frequency that Defendant was on notice of them.

39. Defendant's breach directly and proximately caused Plaintiff permanent bodily injury, pain, suffering, mental anguish, disability, disfigurement, aggravation of a pre-existing condition, past lost wages and future loss of ability to earn money, loss of capacity for the enjoyment of life, injury-related expenses, the loss of the pleasure of the complete cruise and asks for a full refund of the value of the cruise and all money spent on the cruise, and all other damages allowed by law.

Wherefore, Plaintiff asks for:

   a. Judgment for damages in an amount proven at trial;
   b. Cost of suit;
   c. Prejudgment interest where applicable; and
   d. Jury trial.

> LAWLOR WHITE & MURPHEY, LLP
> **Counsel for Plaintiff**
> 2211 Davie Blvd.
> Ft. Lauderdale, FL  33312
> 954-525-2345
> 954-730-8908 fax
> bmurphey@lwmlegal.com
> beller@lwmlegal.com
> pleadings@lwmlegal.com
>
> By:  /s/ Ben Murphey, Esq. (25489)